# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY TURNER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2593** |
| **JEFFERSON PARISH POLICE DEPARTMENT, ET AL.** | **SECTION "F"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Timothy Turner, a state inmate, filed this civil action pursuant to 42 U.S.C. § 1983. He sued the "Jefferson Parish Police Department" and Judge Hans J. Liljeberg. In this lawsuit, plaintiff claims that his rights were violated because the indictment in his state criminal proceeding was not returned in open court in accordance with state law.

### I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

## II. Plaintiff's Claims

As noted, plaintiff claims that his rights were violated because the indictment in his state criminal proceeding was not returned in open court in accordance with state law. As relief, he seeks an order releasing him from incarceration and awarding him monetary damages.

### A. *Habeas Corpus* Relief

The first form of relief requested by plaintiff, i.e. release from incarceration, cannot be granted in a federal civil rights action filed pursuant to 42 U.S.C. § 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994). Moreover, it appears that it would be futile to construe the complaint in part as a *habeas corpus* petition seeking relief under 28 U.S.C. § 2254, because plaintiff has already filed one such petition and federal *habeas corpus* relief was denied on the merits. Turner v. Cain, Civ. Action No. 08-1477, 2009 WL 1409973 (E.D. La. May

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

20, 2009). Before a prisoner may file a "second or successive" § 2254 petition, he must first obtain permission from the United States Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b).

### B. Federal Claims for Monetary Damages

Plaintiff has also requested monetary damages. However, that request must be rejected for the following reasons.

As an initial matter, the Court notes that the "Jefferson Parish Police Department" and Judge Hans J. Liljeberg are improper defendants. Because there is no such entity as the "Jefferson Parish Police Department," the Court assumes that plaintiff intended to sue the Jefferson Parish Sheriff's Office. However, a Louisiana parish sheriff's office simply is not a legal entity capable of being sued. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Haywood v. Gusman, Civ. Action No. 06-3517, 2008 WL 516714, at *3 (E.D. La. Feb. 26, 2008); Wetzel v. St. Tammany Parish Jail, 610 F. Supp. 2d 545, 548 (E.D. La. 2009); Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008); Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La.2001); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988). Further, any claim against Judge Liljeberg for monetary damages is clearly barred. With respect to any such claim against him in his *individual* capacity, he is protected by his absolute judicial immunity. See Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871); see also Brandley v. Keeshan, 64 F.3d 196, 200 (5th Cir. 1995); Harper v. Merckle, 638 F.2d 848, 856 n.9 (5th Cir. 1981); Washington v. Louisiana, Civ. Action No. 09-3186, 2009 WL 2015556, at *5 (E.D. La. June 30, 2009); Wiggins v. Vondenstein, Civ. Action No. 06-10813, 2007 WL 203970, at *3 (E.D. La. Jan. 24, 2007). Further, any such claim brought against

him in his *official* capacity fails for two reasons. First, a state official in his official capacity is not a "person" amenable to suit for damages under 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989); see also Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997); Washington, 2009 WL 2015556, at *5. Second, because an official-capacity claim against Judge Liljeberg is in reality a claim against the state itself, any such claim is barred by the Eleventh Amendment. Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir. 1986); Doris v. Van Davis, Civ. Action No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009); see also Wallace v. Texas Tech University, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").

Further, in any event, plaintiff's claim, i.e. that his rights were violated because the indictment in his state criminal proceeding was not returned in open court, is not even cognizable under § 1983. "To state a claim under section 1983, a plaintiff must allege facts tending to show ... that he has been deprived of a right secured by the *Constitution and the laws of the United States* ...." Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (quotation marks omitted; emphasis added). Plaintiff had no federal constitutional right to be charged by a grand jury indictment in his state criminal proceeding, much less one returned in open court. Alexander v. Louisiana, 405 U.S. 625, 633 (1972) ("Although the Due Process Clause guarantees petitioner a fair trial, it does not require the States to observe the Fifth Amendment's provision for presentment or indictment by a grand jury."); Hamilton v. McCotter, 772 F.2d 171, 184 (5th Cir. 1985) ("[T]here is no federal constitutional right to an indictment before trial in a state criminal action."); Brown v.

5

Wainwright, 576 F.2d 1148, 1149 (5th Cir. 1978). The fact that state law may have required an indictment returned in open court, which is an issue this Court need not and does not reach, is of no moment, because a violation of state law alone simply is not cognizable under § 1983. Woodard v. Andrus, 419 F.3d 348, 353 (5th Cir. 2005).

## C. State Law Claims

Lastly, to the extent that plaintiff is asserting claims under state law, the Court should decline to consider any such state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction ...."); see also Jackson v. Mizzel, 361 Fed. App'x 622, 627 (5th Cir. 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."); Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims."). If plaintiff wishes to pursue claims under state law, he must do so in the state courts.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

It is **FURTHER RECOMMENDED** that plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this twenty-sixth day of November, 2012.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.